(Court of Appeal, Parish of Orleans.)

C. J. MILLER vs. G. L. BRELAND.

Appeal from Civil District Court, Division "B."

J. A. Woodville, for Plaintiff and Appellee.

B. R. Forman, and J. T. Nix, for Defendant and Appellant.

1   Issues of fact only are involved herein.

2.  Under the circumstances herein, involving charges of fraud, we give great weight to the conclusion of fact of the district judge, and sustain his ruling.

DUFOUR, J.   The plaintiff, holder of a note made by defendant, sued him, thereon, and, under a writ of attachment, seized a small steamboat named the "Lionel G."

One Thomas Sawyer, by third opposition, claimed the ownership of the boat as having purchased it from Breland previous to the seizure.

Most of the testimony was heard by the district judge, though a portion of it was taken out of Court, and we have arisen from its perusal with the full conviction, that opponent's claim is the result of a clumsy conspiracy, reeking with falsehood and fraud, intended by the parties to protect Breland's property from liability for his debt.

Sawyer's story that he paid for the steamboat with $1000.00 which for three months he carried either in his pocket or in crevices and hiding places of a small, frail and unprotected craft is not convincing, in the face of the testimony of the witnesses, who heard him and his wife say shortly before that they had only $22.00 left.

He also states that he bought without seeking evidence of Breland's title or even being sure that the latter owned the boat. He and Breland disagree as to whether the sum paid was $900.00, or $1000.00

Breland first denied his signature to the note but finally admitted it.

It is also testified that he had stated that he was "only doing this" to prevent Miller from "putting an attachment" on his boat, and that he was going to assign it to his mother when he reached New Orleans.

Mrs. Westmoreland, one of the witnesses to the pretended act of sale, says the transaction took place on her boat, whereas the other witnesses testify that it took place on Breland's boat. She also denies having been or being Breland's mistress, while others testify that she was.

All the parties who swear to the reality of the sale and the *bona fide* payment of the money are interested, while those opposed to them appear to be disinterested.

It would be piling Pelion on Ossa to further discuss the details of opponent's attempted outrage, and, as we recently said in a case similar to this, "under such circumstances, involving charges of fraud, we give great weight to the conclusion of fact of our brother of the district court and sustain his ruling."

Judgment affirmed.

Rehearing refused, June 29th, 1905.